UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-189(2) (DWF) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Ryan Keith Dibley, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Ryan Keith Dibley's *pro se* motion for compassionate release, motion for deviation from the U.S. Sentencing Guidelines, and motion for judgment on the pleadings. (Doc. Nos. 344, 347, 356.) The United States of America (the "Government") opposes Dibley's motions. (Doc. No. 353.) For the reasons discussed below, the Court respectfully denies Dibley's motions.

## BACKGROUND

In 2018, Dibley pled guilty to one count of possession with intent to distribute methamphetamine and cocaine. (Doc. Nos. 133, 135.) He was sentenced to 146 months in prison and a term of 7 years of supervised release. (Doc. No. 307.) Dibley is currently incarcerated at Thomson USP in Illinois. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc* (last visited October 30, 2023).

Dibley moves for compassionate release on the grounds that he is the sole caretaker of his daughter and his father. In a separate motion, he further asserts that his

sentence should be reduced because his sentence should not have been calculated based on the purity level of the methamphetamine he possessed. The Government opposes the motions.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a

defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . . " *Id.* The record reflects that Dibley requested compassionate release from the warden based on his family circumstances, and the warden denied his request. (Doc. Nos. 354, 354-1.) Accordingly, the Court finds Dibley's motion based on his family circumstances ripe for review. Dibley did not, however, assert his purity-level argument in his request to the warden. Thus, the Court concludes that Dibley has failed to comply with the exhaustion requirement for this claim. *See United States v. Mendoza*, No. 10-cr-313, 2020 WL 4018222, at *5 (D. Minn. July 16, 2020) ("[T]he administrative exhaustion of an initial request for compassionate release [does not] serv[e] to discharge that requirement for subsequent requests based on different evidence and argument.").

    Dibley first argues that his daughter is currently in foster care, and he is the only parent able to care for her. In support of this argument, Dibley cites to a November 2022 order for continuance from a state court in South Carolina. (Doc. No. 344-2 at 6-7.) The order states that the "hearing concerning removal of custody" of the children, including Dibley's daughter, "should be continued to effectuate service on the Defendants." (*Id.*) The order does not address Dibley. And it is not clear to the Court whether Dibley would obtain custody of his daughter if he were to be released from prison. Additionally, as the Government notes, the Presentence Investigation Report states that Dibley has not been

in contact with his daughter since 2015. (Doc. No. 173 at 34.) And Dibley has failed to explain why other family members or relatives cannot care for his daughter.

Dibley next asserts that his father has pulmonary fibrosis and needs a caretaker at home. In support, Dibley cites to a letter from Essentia Health that states that Keith C. Dibley has "advance[d] pulmonary fibrosis" and "[h]is son should be allowed to return home to care for him." (Doc. No. 344-2 at 12.) The letter, however, does not support Dibley's assertion that his father needs full-time care. And again, Dibley has failed to explain why he is the only available caretaker for his father. The Court therefore finds that Dibley's family circumstances do not warrant compassionate release.

Lastly, Dibley argues in a separate motion that his sentence should be reduced because his sentence should not have been calculated based on the purity level of the methamphetamine he possessed. The Court construes Dibley's argument as a supplement to his initial motion for compassionate release. As noted above, Dibley has failed to exhaust his administrative remedies. Even if he had, this argument does not amount to an extraordinary and compelling reason for release.

"A federal inmate generally must challenge a sentence through a § 2255 motion." *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020). "A compassionate release motion is not the proper vehicle for challenging a sentencing judgment." *United States v. Xiong*, No. 17-cr-108, 2023 WL 4974762, at *2 (D. Minn. Aug. 3, 2023). Dibley's argument about the guidelines "was available at the time he was sentenced, but he did not raise the argument during sentencing, on appeal, or in a § 2255 motion." *Id.* Dibley cannot use a motion for compassionate release to "circumvent the one-year statute of

limitations for bringing a § 2255 motion." *Id.* Moreover, while some judges have declared policy disagreements with the methamphetamine Guidelines, this does not constitute a change in the law but rather an exercise of discretion. In this case, the Court exercised its discretion when granting a downward variance based on Dibley's drug and alcohol dependence, family ties and responsibilities, mental and emotional condition, pre-sentence rehabilitation, and remorse. (Doc. No. 308 at 3-4.) Dibley's sentence would not have changed had the Court expressly declared a policy disagreement. The Court was not required to reduce Dibley's sentence further based on a policy disagreement. *See United States v. Binion*, 801 F. App'x 459, 462 (8th Cir. 2020) ("[W]hile the district court could have granted a downward variance based on a disagreement with the Guidelines' treatment of methamphetamine purity . . . it had the discretion to decline to do so.").

As a final note, the Court is aware that an amendment to the Guidelines will become effective November 1, 2023, and expands the list specified in § 1B1.13(b) of "extraordinary and compelling reasons." Even if the amendment were in effect now, it would not change the Court's analysis today.

Because the Court concludes that Dibley has failed to demonstrate extraordinary and compelling circumstances that warrant compassionate release, the Court need not address the sentencing factors or whether Dibley poses a danger to the community.[1]

---

[1] Dibley also filed a motion for judgment on the pleadings. (Doc. No. 356.) He asserted that he had not received a response from the Government regarding his two motions for compassionate release and asked the Court to rule on the motions without waiting for a response. Dibley has since been served with the Government's response. (Doc. No. 359.) Thus, the Court denies this motion as moot.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Ryan Keith Dibley's motion for compassionate release (Doc. No. [344]) is respectfully **DENIED**.

2. Defendant Ryan Keith Dibley's motion for deviation from the U.S. Sentencing Guidelines (Doc. No. [347]) is respectfully **DENIED**.

3. Defendant Ryan Keith Dibley's motion for judgment on pleadings (Doc. No. [356]) is **DENIED AS MOOT**.

Dated: October 31, 2023              s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge