UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-189(2) (DWF/SER) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Ryan Keith Dibley, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Ryan Keith Dibley's *pro se* motion for compassionate release. (Doc. No. 368.) The United States of America (the "Government") opposes the motion. (Doc. No. 378.) For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Dibley pleaded guilty to possession with intent to distribute methamphetamine and cocaine on October 25, 2018. (Doc. No. 133.) On July 10, 2019, this Court sentenced Dibley to a 146-month prison term to be followed by a seven-year term of supervised release. (Doc. No. 307.) Dibley is currently incarcerated at FCI Petersburg Low with an anticipated release date of November 5, 2028. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited June 18, 2025).

Dibley previously moved for compassionate release based on family circumstances. (Doc. No. 344.) The Court denied that motion on October 31, 2023.

(Doc. No. 361.) Dibley now moves for compassionate release a second time, again based on family circumstances. (Doc. No. 368.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Dibley sent a request for compassionate release to his warden on November 27, 2024. (Doc. No. 370 at 1.) Therefore, the Court finds the motion is properly before it.

Dibley argues that he should be released because his minor daughter, A.D., needs a caretaker. Dibley made a similar argument in his first compassionate release motion, but his circumstances have changed significantly since then. At the time of the first motion, A.D. was in foster care, Dibley had not been in contact with her for approximately eight years, it was unclear whether he would obtain custody of A.D., and it was unclear whether other family members could care for A.D. (Doc. No. 361 at 3-4.) Now, about two years later, Dibley's sister has custody of A.D. and Dibley speaks with A.D. multiple times per week. (Doc. No. 368 at 2-3; Doc. No. 386 at 4.) Dibley's sister wrote to the Court explaining that she has a mass in her bladder that must be surgically removed. (Doc. No. 386 at 3.) She was scheduled for surgery but recently had to cancel because she could not find anyone to care for A.D. during her recovery. (*Id.*)

Under the Sentencing Commission's Policy Statement, family circumstances qualify as an extraordinary and compelling reason when the defendant establishes "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G § 1B1.13(b)(3)(A). Incapacitation means that the caregiver suffered a severe injury or illness that renders them incapable of caring for the child. Fed. Bureau of Prisons, Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* at 7 (2019); *see also*

3

*United States v. Wessels*, No. 12-cr-118(7), 2021 WL 5506656, at *2 (D. Minn. Nov. 24, 2021) (relying on the BOP Program Statement to define incapacitation).

While the Court sympathizes with Dibley's situation, it cannot find that Dibley's sister is incapacitated based on the record before it. Dibley and his sister have provided medical information about her condition through their letters to the Court, but the Court requires more before it can find that Dibley's sister is incapacitated. For example, the record does not contain any medical records that demonstrate the severity of her condition, whether surgery is required, whether her surgery has been or must be rescheduled, and what her recovery process would look like. Without this additional information, the Court cannot ascertain whether Dibley's sister would be incapacitated as required under § 1B1.13(b)(3)(A). *See, e.g.*, *United States v. Whitmore*, No. 20-cr-40004, 2024 WL 865671, at *3 (D. Kan. Feb. 29, 2024) ("The circumstances she describes are undoubtedly difficult, but there is no corroborating evidence, like medical records, that she is fully incapacitated."); *United States v. Cook*, No. 19-cr-170, 2022 WL 327030, at *5 (D. Haw. Feb. 3, 2022) ("The Court cannot find that Defendant's wife is incapacitated because it has virtually no medical records before it that offer insight into her current medical condition.").

Because the Court concludes that Dibley failed to show an extraordinary and compelling reason for his release, the Court need not address whether he poses a danger to the community or whether the sentencing factors favor his release. The Court's denial of this motion does not bar Dibley from moving for compassionate release again in the future. He may do so on the same grounds with additional evidence or other grounds.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Defendant Ryan Keith Dibley's *pro se* motion for compassionate release (Doc. No. [368]) is respectfully **DENIED**.

Dated:  June 18, 2025                     s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge