UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-189(2) (DWF/SER) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Ryan Keith Dibley, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Ryan Keith Dibley's *pro se* motion for compassionate release. (Doc. No. 396.) The United States of America (the "Government") opposes the motion. (Doc. No. 403) For the reasons set forth below, the Court grants the motion.

## BACKGROUND

Dibley pleaded guilty to possession with intent to distribute methamphetamine and cocaine on October 25, 2018. (Doc. No. 133.) On July 10, 2019, this Court sentenced Dibley to a 146-month prison term to be followed by a seven-year term of supervised release. (Doc. No. 307.) Dibley is currently incarcerated at FCI Petersburg Low with an anticipated release date of November 5, 2028. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Sept. 8, 2025).

Dibley has moved for compassionate release based on family circumstances twice before. (Doc. Nos. 344, 368.) The Court denied both motions: the first on October 31,

2023 (Doc. No. 361), and the second on June 18, 2025 (Doc. No. 394). In its order on the second motion, the Court noted the seriousness of Dibley's family circumstances but ultimately denied the motion because it had insufficient information. Dibley bases his present motion on the same family circumstances and supplements the record with additional medical information. (*See* Doc. No. 396-4.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). These reasons include: (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." *Id.* § 1B1.13(a). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that they are eligible for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Dibley sent a request for compassionate release to his warden on November 27, 2024. (Doc. No. 370 at 1.) The Government argues that this is insufficient because he should have submitted a new request to his warden prior to filing the present motion. Although the Court agrees that exhaustion is issue or claim specific, *see, e.g.*, *United States v. Mendoza*, No. 10-cr-313(1), 2020 WL 4018222, at *5 (D. Minn. July 16, 2020), Dibley's prior request presented the exact issue before the Court. While changes in circumstance may require a defendant to submit a new request, *see United States v. MacLloyd*, No. 21-1834, 2022 WL 18144100, at *2 (6th Cir. Aug. 2, 2022), that is not the situation here. The circumstances of Dibley's case have not changed in the past couple months. He has merely supplemented the record. Accordingly, the Court finds that Dibley exhausted his administrative remedies and the motion is ripe for review.

Dibley argues that he should be released because his minor daughter, A.D., needs a caretaker. Dibley's sister is A.D.'s guardian. His sister has a mass in her bladder that needs to be removed. She is currently scheduled for surgery on September 25, 2025. Following surgery, she will be unable to care for A.D. The length of her recovery is currently unknown because of the potential for complications. She has been forced to

cancel the surgery in the past because she was unable to find anyone to care for A.D. Her doctors have emphasized the need for this surgery and that she should not put it off any longer. No other family members are available to care for A.D. while Dibley's sister undergoes and recovers from surgery.

Under the Sentencing Commission's Policy Statement, family circumstances qualify as an extraordinary and compelling reason when the defendant establishes "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). Incapacitation means that the caregiver suffered a severe injury or illness that renders them incapable of caring for the child. Fed. Bureau of Prisons, Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* at 7 (2019); *see also United States v. Wessels*, No. 12-cr-118(7), 2021 WL 5506656, at *2 (D. Minn. Nov. 24, 2021) (relying on the BOP Program Statement to define incapacitation).

Here, Dibley's sister will be incapacitated because she is undergoing bladder surgery in a couple weeks, a severe injury or illness, that will render her incapable of caring for A.D. Therefore, the Court finds that extraordinary and compelling reasons warrant a reduction in Dibley's sentence.

Next, the Court finds that Dibley does not pose a danger to the safety of any other person or to the community. To start, his crime of conviction was not a crime of violence. He is currently incarcerated at a low security facility, considered a low safety risk, and has had no infractions while in custody. To the extent that any safety concerns remain, the Court finds that they will be mitigated by converting the remainder of

4

Dibley's term of imprisonment into an additional term of supervised release and imposing a temporary location monitoring condition. *See* 18 U.S.C. § 3582(c)(1)(A).

Lastly, the Court similarly concludes that granting Dibley compassionate release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and otherwise consistent with the Sentencing Commission's Policy Statement. The Government focuses its opposition on Dibley's criminal history score and the seriousness of his offense. The Court does not minimize these concerns. However, his criminal history is largely non-violent and Dibley has shown significant efforts to rehabilitate himself, including treatment programs and education courses while incarcerated. Dibley has significant family and community support as evidenced by the letters submitted to the Court. He has been in custody for over seven years and only has about three years remaining of the imprisonment component of his sentence. On balance, the factors weigh in favor of release.

## CONCLUSION

For the reasons set forth above, the Court finds that Dibley has demonstrated extraordinary and compelling reasons for a sentence reduction, that he does not pose a safety risk, that the § 3553(a) factors favor release, and that his release is otherwise consistent with the Sentencing Commission's Policy Statement.

Moreover, the meaningful conditions of supervised release that the Court has imposed will not only serve the best interest of Dibley, but his daughter and the community within which he lives. Dibley owes it to his daughter, himself, and his family to comply with all conditions, because any noncompliance will obligate this Court to

5

return Dibley to prison which would not serve his, his daughter's, or his friends and family's interest.

The Court commends Dibley for both his efforts to rehabilitate himself and his dedication to caring for his daughter during his sister's time of need. The Court views this as a turning point in his life and is confident that continuing on this path will allow him to live the life he wants to live.

While considering this motion, the Court consulted closely with U.S. Probation and Pretrial Services to verify Dibley's release plan. The Court thanks Probation for its swift work on this case.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Ryan Keith Dibley's *pro se* motion for compassionate release (Doc. No. [396]) is **GRANTED**.

2. Dibley's sentence of incarceration is reduced to the time he has served, and the remainder of his 146-month term of imprisonment is converted to a term of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A). This term shall run from the day he is released from prison to November 5, 2028, the expected expiration of the imprisonment component of his sentence. At that point, his original, seven-year period of supervised release shall commence.

3. The Bureau of Prison shall release Dibley as soon as his release plan is implemented and necessary transportation arrangements can be made.

4. Upon release from the custody of the Bureau of Prisons, Dibley must contact the U.S. Probation and Pretrial Services Office to arrange a first meeting.

5. The following additional special conditions of supervised release shall apply to the new term of supervised release:

    a. The Defendant shall participate in a location monitoring program for a period of 180 days. The Defendant shall be monitored using radio frequency technology.

    b. The Defendant shall be monitored under the following restrictions: The Defendant shall remain at his residence every day during set hours as directed by the Probation Officer.

    c. The Defendant shall not be required to pay the costs of location monitoring.

6. During both periods of supervised release, Dibley shall also be subject to the terms and conditions listed in the July 12, 2019 Judgment (Doc. No. 307).

Dated: September 8, 2025            s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge